OFFICE OF DISCIPLINARY COUNSEL V. BUSSINGER.

[Cite as *Disciplinary Counsel v. Bussinger* (1994), 71 Ohio St.3d 1210.]

(No. 89–659—Submitted December 7, 1994—Decided December 9, 1994.)

This cause came on for further consideration upon the filing of a petition for reinstatement by respondent, Harry D. Bussinger, a.k.a. H. Donald Bussinger. In accordance with Gov.Bar R. V(10)(F), respondent's petition for reinstatement was referred to the Board of Commissioners on Grievances and Discipline. The board filed its Final Report in this court on October 21, 1994, recommending that Harry D. Bussinger, a.k.a. H. Donald Bussinger, be reinstated to the practice of law in the state of Ohio on the condition he be placed on probation, on conditions, for a period of two years following his reinstatement. No objections to said Final Report were filed.

The court now considers its order of July 26, 1989, indefinitely suspending respondent, Harry D. Bussinger, a.k.a. H. Donald Bussinger, from the practice of law pursuant to former Gov.Bar R. V(7)(b), now Gov.Bar R. V(6)(B)(2). On consideration thereof, and the Final Report of the Board of Commissioners on Grievances and Discipline,

IT IS ORDERED by the court that the respondent, Harry D. Bussinger, a.k.a. H. Donald Bussinger, Attorney Registration No. 0034332, last known address in Columbus, Ohio, be, and hereby is, reinstated to the practice of law in Ohio on the condition that he be placed on probation for a period of two years following the reinstatement. It is further ordered that during the probationary period respondent attend Alcoholics Anonymous meetings three times weekly, enter into a contract with the Ohio Lawyers Assistance Program to continue for at least the term of probation, be subject to random urinalysis, and be placed under the supervision of a monitor other than his employer, Dennis Ehrie.

IT IS FURTHER ORDERED that on or before January 9, 1995, relator, Disciplinary Counsel, file with the Clerk of this court, the name of the attorney who will monitor respondent. It is further ordered that at the end of respondent's probationary period, relator file with the Clerk of this court, a report of the monitor indicating whether respondent complied with the terms of probation during the probationary period.

IT IS FURTHER ORDERED that at the end of the probationary period respondent may apply for termination of probation in accordance with Gov.Bar R.

V(9)(D). It is further ordered that respondent's probation will not be terminated until he complies with the requirements for termination of probation and this court orders that his probation be terminated.

IT IS FURTHER ORDERED by the court that respondent be taxed the costs of these proceedings in the amount of $803.03, less the deposit of $500, for a total balance due of $303.03, which costs shall be payable to this court on or before March 9, 1995, by certified check or money order.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

For earlier case, see *Disciplinary Counsel v. Bussinger* (1989), 44 Ohio St.3d 145, 541 N.E.2d 609.

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.