OFFICE OF DISCIPLINARY COUNSEL *v.* JONES.

[Cite as *Disciplinary Counsel v. Jones* (2000), 90 Ohio St.3d 244.]

(No. DD 87–33—Submitted July 6, 2000—Decided October 25, 2000.)

*Jonathan Coughlan,* Disciplinary Counsel, and *Kevin L. Williams,* Assistant Disciplinary Counsel, for relator.

*Britz & Zemmelman* and *Harland M. Britz,* for respondent.

*Per Curiam.* Respondent has been suspended from the practice of law since 1985, including an automatic indefinite suspension based on a criminal conviction. Although the record at the panel hearing shows that on occasion respondent used drugs after his suspension, it also shows that he has been free from drug use for

the past two years. Respondent presented exhibits to support his contention that he was a talented and successful lawyer prior to 1987 and that he has completed the requisite number of hours of continuing legal education for his reinstatement. Respondent also stated that he intended to resume AA meetings, which he had discontinued approximately eleven weeks before the panel hearing.

Having reviewed the record, we find that it has now been over fifteen years since respondent committed the acts for which he was suspended, that respondent is more mature, that he recognizes his problem, and that he is likely to avoid relapses in the future. We therefore conclude that the respondent ought to be and he hereby is reinstated to the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly.*

DOUGLAS, RESNICK, F.E. SWEENEY and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., and COOK, J., concur in part and dissent in part.

PFEIFER, J., dissents.

---

**COOK, J., concurring in part and dissenting in part.** The majority concedes that "the record at the panel hearing shows that on occasion respondent used drugs after his suspension," yet finds that "it has now been over fifteen years since respondent committed the acts for which he was suspended." Because respondent's drug use was the basis for his suspension, *Disciplinary Counsel v. Jones* (1988), 38 Ohio St.3d 338, 528 N.E.2d 190, and because respondent admitted to a relapse and misdemeanor conviction for possession of drug paraphernalia in 1997, I find the majority's reasoning unpersuasive.

Due to respondent's recent efforts at rehabilitation, negative drug screens, and compliance with this court's legal education requirements, I would reinstate respondent and subject his first two years of reinstatement to conditions of probation. During that probationary period, I would require that respondent attend the AA meetings that he discontinued prior to the panel hearing. I would also require that respondent enter into a contract with the Ohio Lawyers Assistance Program for the term of probation, that he be subject to random urinalysis, and that he be placed under the supervision of a monitor other than his employer. See *Disciplinary Counsel v. Bussinger* (1994), 71 Ohio St.3d 1210, 643 N.E.2d 137. Following the two years, respondent could apply for termination of probation in accordance with Gov.Bar R. V(9)(D). Violation of any condition of

probation could result in revocation of probation and reinstatement of respondent's suspension.   Gov.Bar R. V(9)(E).

MOYER, C.J., concurs in the foregoing opinion.