[This opinion has been published in *Ohio Official Reports* at 90 Ohio St.3d 244.]

OFFICE OF DISCIPLINARY COUNSEL *v*. JONES.

[Cite as *Disciplinary Counsel v. Jones*, 2000-Ohio-29.]

*Attorneys at law—Reinstatement to the practice of law.*

(No. DD 87-33—Submitted July 6, 2000—Decided October 25, 2000.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and

Discipline of the Supreme Court, No. 4-87-B.

———————————

{¶ 1} In 1988 we indefinitely suspended respondent, Terrence Conrad Jones of Toledo, Ohio, Attorney Registration No. 0042991, from the practice of law in Ohio based on several Disciplinary Rule violations, including his conviction on two counts of drug abuse. *Disciplinary Counsel v. Jones* (1988), 38 Ohio St.3d 338, 528 N.E.2d 190.

{¶ 2} On February 18, 1999, respondent filed for reinstatement, alleging that he had remained drug-free for the past nineteen months, that he had complied with the continuing legal education requirements of Gov.Bar R. X(3)(F), and that he was a proper person to be readmitted to the practice of law. The matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court.

{¶ 3} The panel found that respondent was an admitted drug addict who had used cocaine from 1987 through 1997, but acknowledged respondent's claim that he had been "clean and sober" for the past two years. However, it found that respondent "did not exhibit a humble or remorse [*sic*] attitude in his demeanor." The panel concluded that since his indefinite suspension in 1988, respondent had not shown that "he possesses all of the mental, educational, and moral qualifications that were required of an applicant for admission to the practice of law in Ohio at the time of his original admission." The panel therefore recommended that

respondent's request for reinstatement be denied. The board adopted the findings, conclusions, and recommendation of the panel.

_____

*Jonathan Coughlan,* Disciplinary Counsel, and *Kevin L. Williams,* Assistant Disciplinary Counsel, for relator.

*Britz & Zemmelman* and *Harland M. Britz,* for respondent.

_____

*Per Curiam.*

{¶ 4} Respondent has been suspended from the practice of law since 1985, including an automatic indefinite suspension based on a criminal conviction. Although the record at the panel hearing shows that on occasion respondent used drugs after his suspension, it also shows that he has been free from drug use for the past two years. Respondent presented exhibits to support his contention that he was a talented and successful lawyer prior to 1987 and that he has completed the requisite number of hours of continuing legal education for his reinstatement. Respondent also stated that he intended to resume AA meetings, which he had discontinued approximately eleven weeks before the panel hearing.

{¶ 5} Having reviewed the record, we find that it has now been over fifteen years since respondent committed the acts for which he was suspended, that respondent is more mature, that he recognizes his problem, and that he is likely to avoid relapses in the future. We therefore conclude that the respondent ought to be and he hereby is reinstated to the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly.*

DOUGLAS, RESNICK, F.E. SWEENEY and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., and COOK, J., concur in part and dissent in part.

PFEIFER, J., dissents.

_____

**COOK, J., concurring in part and dissenting in part.**

{¶ 6} The majority concedes that "the record at the panel hearing shows that on occasion respondent used drugs after his suspension," yet finds that "it has now been over fifteen years since respondent committed the acts for which he was suspended." Because respondent's drug use was the basis for his suspension, *Disciplinary Counsel v. Jones* (1988), 38 Ohio St.3d 338, 528 N.E.2d 190, and because respondent admitted to a relapse and misdemeanor conviction for possession of drug paraphernalia in 1997, I find the majority's reasoning unpersuasive.

{¶ 7} Due to respondent's recent efforts at rehabilitation, negative drug screens, and compliance with this court's legal education requirements, I would reinstate respondent and subject his first two years of reinstatement to conditions of probation. During that probationary period, I would require that respondent attend the AA meetings that he discontinued prior to the panel hearing. I would also require that respondent enter into a contract with the Ohio Lawyers Assistance Program for the term of probation, that he be subject to random urinalysis, and that he be placed under the supervision of a monitor other than his employer. See *Disciplinary Counsel v. Bussinger* (1994), 71 Ohio St.3d 1210, 643 N.E.2d 137. Following the two years, respondent could apply for termination of probation in accordance with Gov.Bar R. V(9)(D). Violation of any condition of probation could result in revocation of probation and reinstatement of respondent's suspension. Gov.Bar R. V(9)(E).

MOYER, C.J., concurs in the foregoing opinion.

———————————